**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**TRAVIS AUGUSTINE,**

<strong>Petitioner,</strong>

     **vs.**                                       **9:14-CV-1230**
                                                         **(MAD/TWD)**

**DALE ARTUS,** *Superintendent*,

<strong>Respondent.</strong>
_____

**APPEARANCES:**                            **OF COUNSEL:**

**TRAVIS AUGUSTINE**
**09-A-2824**
Elmira Correctional Facility
P.O. Box 500
Elmira, New York 14902
Petitioner *pro se*

**OFFICE OF THE NEW YORK**           **LISA E. FLEISCHMANN, AAG**
**STATE ATTORNEY GENERAL**
120 Broadway
New York, New York 10271
Attorneys for Respondent

**Mae A. D'Agostino, U.S. District Judge:**

<strong>ORDER</strong>

Petitioner filed this habeas corpus petition on August 27, 2014, challenging his 2009

convictions for murder in the second degree (N.Y. Penal Law ("PL") § 125.25), aggravated

cruelty to animals (N.Y. Ag. & Mkt. Law § 353(A)), and two counts of criminal possession of

stolen property (PL § 165.45(2) & (5)).  *See* Dkt. No. 11-5 at 1, 114-15.  In his petition, Petitioner

raised the following grounds for relief: (1) his indelible right to counsel was violated when he was

interrogated by State Police officers regarding the murder case without counsel present while he

was in the Greene County jail on a probation violation and had allegedly been assigned defense

counsel for the violation charge; (2) his statement to State Trooper Lischak on July 27, 2008, was elicited in violation of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966); (3) his right to counsel was violated by the trial court's refusal to conduct an inquiry in court into his complaints about his assigned defense counsel and to assign new counsel; and (4) his conviction for aggravated cruelty to animals was against the weight of the evidence. *See* Dkt. No. 1 at 8-13.

In a May 17, 2017 Order and Report-Recommendation, Magistrate Judge Dancks recommended that the Court deny and dismiss the petition. *See* Dkt. No. 21. Neither party objected to the recommendation.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments presented to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point") (citation omitted). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to file a timely objection will result in the

waiver of further judicial review and cites the pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Petitioner did not file any objections to Magistrate Judge Dancks' May 17, 2017 Order and Report-Recommendation, thus waiving any challenge to it on appeal. Having reviewed Magistrate Judge Dancks' Report-Recommendation and Order, the parties' submissions, and the applicable law, the Court concludes that Magistrate Judge Dancks correctly recommended that the Court dismiss the petition in its entirety. First, Magistrate Judge Dancks correctly determined Petitioner's indelible right to counsel claim is not cognizable on federal habeas review because the claim arises under the New York State Constitution, not federal law. *See Claudio v. Scully*, 982 F.2d 798, 803 (2d Cir. 1992); *see also Williams v. Sheehan*, No. 11-cv-2435, 2014 WL 3734332, *11 n.7 (E.D.N.Y. July 28, 2014).

As to his claim that the trial court erred in failing to suppress his July 27, 2008 statement to the State Police in violation of his *Miranda* rights, Magistrate Judge Dancks correctly determined that any error in denying Petitioner's motion to suppress was harmless, as held by the New York State Court of Appeals. *See* Dkt. No. 21 at 29-30. Any error in admitting this statement and denying Petitioner's motion to suppress was not contrary to or an unreasonable application of clearly established law given the other evidence supporting his guilty conviction, including two counseled statements made to police and the testimony of numerous witnesses that overwhelmingly established Petitioner's guilt. *See Parsad v. Greiner*, 337 F.3d 175, 185 (2d Cir.

2003) (holding that any error in admitting pre-*Miranda* statement "was harmless, as petitioner's post-*Miranda* statements, which we have held were properly admitted, were cumulative of his pre-*Miranda* statements").

As to Petitioner's claim that he was denied his Sixth Amendment right to counsel, the Order and Report-Recommendation properly found that the state court's decision was not contrary to or an unreasonable application of federal law. *See* Dkt. No. 21 at 31-33. As Magistrate Judge Dancks noted, Petitioner's request for a new attorney came on the eve of trial, contained only generalized complaints about his representation, and his attorney's pre-trial performance had been adequate. *See id.* It is well settled that criminal defendants do not have the right to counsel of their choice. Given the delay that would have ensued and the fact that Petitioner's complaints about his counsel were generalized, Petitioner's Sixth Amendment right to counsel was not violated in this case. *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 152 (2006); *United States v. Brumer*, 528 F.3d 157, 160-61 (2d Cir. 2008). Additionally, in order for Petitioner to succeed on this claim, he would have to demonstrate not only that his counsel's performance was deficient, but also that he was prejudiced by that deficient performance. *See Mickens v. Taylor*, 535 U.S. 162, 166 (2002). Petitioner, however, failed to link any of his general complaints about the public defender with any specific deficiencies or negative consequences that he suffered. As such, Magistrate Judge Dancks correctly determined that the petition should be denied as to this claim.

In his final claim, Petitioner argues that his conviction for aggravated animal cruelty was not supported by legally sufficient evidence. As Magistrate Judge Dancks correctly concluded,

4

this claim is procedurally barred because Petitioner failed to raise this issue before the trial court.
*See Guttierrez v. Smith*, 702 F.3d 103, 111 (2d Cir. 2012).[1]

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Dancks' May 17, 2017 Order and Report-Recommendation is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Petitioner's application for a writ of habeas corpus is **DENIED** and **DISMISSED**; and the Court further

**ORDERS** that no Certificate of Appealability shall be issued with respect to any of Petitioner's claims; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Respondent's favor and close this case.

**IT IS SO ORDERED.**

Dated: November 28, 2017
      Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[1] Since Petitioner has failed to make a substantial showing of the denial of a constitutional right with regard to any of his claims, the Court declines to issue a Certificate of Appealability in this matter. *See Hohn v. United States*, 524 U.S. 236, 239-40 (1998) (quotation omitted). Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).